UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 NOV 14 PM 2:46

CLERK

BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| JEFFREY RIVARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOWN OF BRATTLEBORO, ADAM PETLOCK, RYAN WASHBURN, JOHN POTTER, | ) ) ) ) | Case No. 2:24-cv-875 |
| | ) | |
| TOWN OF BRATTLEBORO, JOHN POTTER, BRATTLEBORO POLICE DEPARTMENT, ADAM PETLOCK, | ) ) ) ) | Case No. 2:24-cv-876 |
| | ) | |
| TOWN OF BRATTLEBORO POLICE, JOHN POTTER, | ) ) ) | Case No. 2:24-cv-877 |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) ) | Case No. 2:24-cv-878 |
| Defendants. | ) | |

**OPINION AND ORDER ENTERING A FILING INJUNCTION**

On August 8, 2024, Plaintiff Jeffrey Rivard, representing himself, filed motions for leave to proceed *in forma pauperis* and proposed Complaints in four separate cases based on his interactions with law enforcement in the Brattleboro, Vermont area. On December 13, 2024, the court issued an Entry Order in each case granting Plaintiff's motion for leave to proceed *in forma pauperis*, dismissing the proposed Complaint, and ordering him to show cause by January 13, 2025, why the court should not enter a filing injunction against him. On December 18, 2024, Plaintiff filed a timely twenty-page response reiterating many of his claims regarding the Defendants and their alleged actions.

District courts "have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation

entailing vexation, harassment[,] and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotation marks and brackets omitted); *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) ("A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation.") (internal quotation marks omitted). Thus, the court may prohibit an individual from filing new actions in the venue when he or she "abuse[s] the process of the [c]ourts to harass and annoy others with meritless, frivolous, vexatious[,] or repetitive [filings.]" *In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir. 1981).

The Second Circuit has instructed district courts to consider the following factors when deciding whether to enjoin the filing of future lawsuits:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing[,] or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir*, 792 F.2d at 24. "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Id.*

In this case, Plaintiff was provided an opportunity to explain to the court why a filing injunction is not appropriate. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (explaining a court "may not impose a filing injunction on a litigant *sua sponte* without providing [that] litigant with notice and an opportunity to be heard"). His response includes the following explanation:

> [M]ultiple allegations are stated regarding denial of the Town of Brattleboro to a Right to Grievance and pattern of misconduct . . . by [the] Brattleboro Police Department. These matters [were] cursorily dismissed [by the] Vermont Supreme Court entries without allowance for presentation

2

> of civil rights pattern selective enforcement and abuse of discretion to include false reports, or presentation of facts to clarify errors within entries of the State court. This filing series reflected the present sense belief that an elevated jurisdiction might review lower jurisdiction errors or denial of fair or impartial justice. The determination of this [c]ourt without providing docket, summons for service, and presentation of [i]nformation potentially denies justice where federal oversight is demanded where [Plaintiff's] civil rights are violated[.]

(Doc. 4 at 1-2.) The court understands that Plaintiff feels strongly about the merits of his claims but the federal courts do not have unlimited jurisdiction and generally do not sit as courts of appeal for state court decisions. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005)) ("[F]ederal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments."). The court also generally cannot re-decide adjudicated cases. This would jeopardize the interest in the finality of judgments. *See Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir. 1964) ("[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.").

Plaintiff has filed several unsuccessful actions over the years, including five other cases in this court which were dismissed prior to service on the defendants for lack of subject matter jurisdiction or failure to state a claim.[1] He has also filed multiple lawsuits in the Vermont Superior Court,[2] where he was warned in relevant part:

> This court cannot allow Mr. Rivard's attempts to relitigate the same dispute over and over. . . .The court further provides notice to Mr. Rivard that any future attempts to relitigate claims based on the same incidents previously asserted in prior lawsuits may again result in dismissal due to claim

---

[1] *See Rivard v. Comm'r of Soc. Sec.*, Case No. 2:21-cv-184 (D. Vt. May 9, 2023); *Rivard v. Soc. Sec. Admin.*, Case No. 2:21-cv-224 (D. Vt. Apr. 10, 2023); *Rivard v. Vermont*, Case No. 2:22-cv-134 (D. Vt. Sept. 26, 2022); *Rivard v. Smallheer et al.*, Case No. 2:23-cv-166 (D. Vt. Sept. 19, 2023); *Rivard v. United States*, Case No. 2:23-cv-428 (D. Vt. Oct. 31, 2023).

[2] *See* Vermont Superior Court dockets: *Rivard v. Town of Brattleboro*, Case No. 22-cv-03222, Windham Unit; *Rivard v. State of Vermont et al.*, Case No. 23-cv-01280, Bennington Unit; *Rivard v. Brattleboro Police Department et al.*, Case No. 23-cv-02763, Windham Unit; *Rivard v. Town of Brattleboro*, Case No. 23-cv-04956, Windham Unit.

preclusion, and reminds him of his obligations under Vermont Rule of Civil Procedure 11, and of the potential for sanctions for filing frivolous claims. *Rivard v. State of Vermont*, 2024 WL 3274551, at *5 (Vt. Super. Ct. June 24, 2024); *see also Rivard v. Town of Brattleboro*, Case No. 23-cv-04956, slip op. at 2 (Vt. Super. Ct. July 2, 2024) (barring Plaintiff from reasserting claims because "Plaintiff filed a nearly identical complaint against, among others, the Town of Brattleboro in 22-[cv]-3222. That complaint addressed the exact same circumstances surrounding the exact same accident as that at issue here").

This court previously warned Plaintiff on October 31, 2023, that "future multiplicitous filings in this District may result in a filing injunction, especially if Plaintiff has previously asserted the same claims in a previous suit that has been dismissed." *Rivard v. United States*, Case No. 2:23-cv-428 (Doc. 3 at 8) (D. Vt. Oct. 31, 2023) (emphasis omitted). The Vermont Supreme Court as recently as September 2025 concluded that similar claims to Plaintiff's claims here were barred by claim preclusion and properly dismissed. *See Rivard v. Windham State Att'y*, 2025 WL 2589466, at *2 (Vt. Sept. 5, 2025). It stated in relevant part:

> [P]laintiff's claim of defamation arose from the same transaction as his prior assertion of malicious prosecution because the facts were related in time, space, origin, and motivation. Both were related to [P]laintiff's conviction of domestic assault in August 2023 and the behavior of the Windham County State's Attorney Office—Deputy State's Attorney Nevins in particular—during that prosecution. In both, [P]laintiff claims that false statements made about the case caused him harm. It would contravene the purposes of claim preclusion, including avoiding piecemeal litigation, conserving court resources, and promoting finality, to allow [P]laintiff to pursue this suit. Because the action was barred by claim preclusion, dismissal was appropriate.

*Id.* (footnote omitted).

In view of the foregoing, the court sees no alternative but to bar Plaintiff from filing any new actions without first obtaining leave from the court. Accordingly, if Plaintiff wishes to commence an action in this court in the future, he must file with his proposed complaint a motion for leave to file. The motion will be reviewed by the court,

and if it appears that the proposed action is repetitive, meritless, frivolous, malicious, intended to harass, or otherwise barred, leave to file will be denied.

For the reasons set forth above, Plaintiff is hereby ENJOINED from filing any new actions in this court without obtaining prior leave from the court.

The court hereby certifies that under 28 U.S.C. § 1915(a)(3) any appeal would not be taken in good faith.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 14th day of November, 2025.

_____
Christina Reiss, Chief Judge
United States District Court